437 So.2d 799 (1983)
Louise A. TANNARIELLO, Appellant,
v.
FEDERATION OF PUBLIC EMPLOYEES and Unemployment Appeals Commission, Appellees.
No. 82-2473.
District Court of Appeal of Florida, Fourth District.
September 21, 1983.
Robert W. Schlorff, II, Fort Lauderdale, for appellant.
Dorian K. Damoorgian of Manners, Amoon & Tucker, Miami, for appellee  Federation of Public Employees.
Louisa E. Hargrett, Tallahassee, for appellee  Unemployment Appeals Com'n.
HERSEY, Judge.
Appellant resigned from her employment giving as her reason fear for her personal safety. Her application for unemployment *800 compensation has been unsuccessful at each level of the system so that it now reposes before this court. The issue has been and remains whether appellant had good cause to resign.
Chapter 443, Florida Statutes, known as the Unemployment Compensation Law, provides benefits for persons unemployed through no fault of their own. Thus, workers who voluntarily leave their employment are not entitled to benefits unless such separation was for good cause. § 443.101(1), Fla. Stat. (1981). We have previously interpreted these provisions, in part, as follows:
What is the criteria to be used in determining the question of good cause?
To voluntarily leave employment for good cause, the cause must be one which would reasonably impel the average able-bodied qualified worker to give up his or her employment. Sun Shipbuilding & Dry Dock Co. v. Unemployment Compensation Board of Review, Pa. 1948, 358 Pa. 224, 56 A.2d 254. See also: Gatewood v. Russell, Colo. App. 1970 [29 Colo. App. 11], 478 P.2d 679; Geckler v. Review Board of Indiana Employment Security Division, Ind. 1963, 244 Ind. 473, 193 N.E.2d 357. Smith v. Unemployment Compensation Board of Review, 1956, 181 Pa.Super. 185, 124 A.2d 707; Hemmings v. Unemployment Compensation Board of Review, 1961, 196 Pa.Super. 604, 175 A.2d 916.
The applicable standards are the standards of reasonableness as applied to the average man or woman, and not to the supersensitive. Andala v. Ganus, Ala. 1959, 269 Ala. 571, 115 So.2d 123. The burden is on the claimant to prove that he has met the statutory eligibility requirements. Newkirk v. Florida Industrial Commission, Fla.App. 1962, 142 So.2d 750; Florida Industrial Commission v. Ciarlante, Fla. 1955, 84 So.2d 1.
Uniweld Products, Inc. v. Industrial Relations Commission, 277 So.2d 827, 829-30 (Fla. 4th DCA 1973).
This court must determine whether an employee's fear for personal safety constitutes "good cause." While no Florida court has spoken on the subject, the majority of jurisdictions which have considered the issue have held that a reasonable fear for one's personal safety may, under appropriate circumstances, constitute good cause for leaving employment. See, e.g., Fried v. Ross, 54 A.D.2d 521, 386 N.Y.S.2d 245 (1976); Goldberg v. Levine, 53 A.D.2d 731, 384 N.Y.S.2d 42 (1976); Ferguson v. Dept. of Employment Services, 311 Minn. 34, 247 N.W.2d 895 (1976); Dwight Mfg. Co. v. Long, 36 Ala.App. 387, 56 So.2d 685 (1952); Boogay v. Pennsylvania, 46 Pa.Commw. 51, 405 A.2d 1112 (1979). We elect to follow the view expressed by these cases and do so here.
Subsequent to a hearing, the appeals referee disposed of the issue of good cause in the following language:
The claimant quit the job anticipating harm, and the employer had little control over either her fears or the social makeup of individuals congregating in the employer's geographic location which constitutes a portion of downtown Fort Lauderdale, Florida near other businesses and office locations. Her fears were speculative; her reaction to her working environment was supersensitive. There was no evidence of probative value to prove that the employer violated her terms of employment or caused her leaving to be necessitrous or compelling. Accordingly, it must be concluded that the claimant voluntarily quit the job for personal reasons without good cause attributable to the employer.
We note that the emphasis is placed upon the employer's freedom from fault rather than upon the reality of the danger to the appellant. It is of course true (and we assume that it would usually be true) that the employer had little control over the employee's fears "or the social makeup of individuals" in the neighborhood. The point is that the employer did have sole and absolute control over whether appellant was required to work alone in a vacant building from 4:30 p.m. to 5:00 p.m. each afternoon in a neighborhood whose character at that hour is at least suspect. Without detailing the incidents which gave birth to appellant's *801 apprehensions, we find them more than sufficient to support the proposition that one subjected to them would have a reasonable expectation of danger sufficient to support a finding of good cause for voluntary termination of employment.
Recapitulating, we believe the appeals referee (and consequently the Unemployment Appeals Commission on review) has misconstrued the law thereby placing a burden on appellant to show that her fears were caused by some fault of the employer. In addition, we find that the referee incorrectly applied the law by holding that appellant's fears were not reasonable. But for the former error we would not be inclined to reverse for the latter, that constituting a substitution of our judgment on the facts for that of the lower tribunal.
However, finding error in the first instance we feel free to comment on the additional misconception as it may serve some useful purpose in further or other proceedings.
We reverse and remand with instructions to approve appellant's application for unemployment compensation, if she otherwise qualifies.
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.