517 So.2d 754 (1987)
Leonard ANDERSON, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Florida Mining & Materials Corporation, Appellees.
No. 87-1683.
District Court of Appeal of Florida, Second District.
December 30, 1987.
*755 James Elliott of Bay Area Legal Services, Inc., for appellant.
John D. Maher, Tallahassee, for appellee, Florida Unemployment Appeals Com'n.
PER CURIAM.
The appellant, Leonard Anderson, seeks review of an Unemployment Appeals Commission order affirming the denial of his claim for unemployment benefits. We reverse.
After the appellant was discharged for fighting on the job, he filed a claim for unemployment compensation benefits. The Division of Unemployment Compensation determined benefits were not payable because, under section 443, Florida Statutes (1985), the appellant's discharge was for misconduct connected with his work. The appellant appealed the denial of his claim to the Unemployment Appeals Commission and was granted a hearing before an appeals referee. The Unemployment Appeals Commission ultimately affirmed the denial of the appellant's claim, and he timely filed notice of appeal to this court. The following summary of the circumstances surrounding the appellant's dismissal from his employment is taken from the appeals referee's finding of fact to which the appellant takes no exception.
Shortly before the appellant's dismissal, he brought a grove heater to work and used it to warm the working area. When another worker, Timothy Malloy, complained that the fumes from the heater were affecting his lungs, the appellant removed the heater from the indoor working area to the outdoor area where he performed sandblasting. On the day of the appellant's dismissal, Malloy came to the heater, which was smoking, and put his face right up to it. The appellant asked Malloy why he did not get away from the heater in view of his earlier complaints. Malloy responded to this inquiry by striking the appellant's forehead with a pushing motion, and the appellant responded in kind. An altercation ensued during which Malloy struck the appellant in the ribs with a two by four and the appellant cut Malloy slightly on the hand with a knife. After Malloy reported the fight to the employer, the employer questioned the appellant and discharged him for fighting on the job. The appeals referee, in his conclusions of law, determined on these facts that although Malloy was the initial aggressor, there was no indication that the appellant could not have withdrawn after the initial push on his forehead. Finding that the appellant should reasonably have understood that his striking a retaliatory blow would likely lead to the further violence which did ensue, the appellant had a duty not to strike the retaliatory blow.
We agree with the appellant's contention that neither the statutory definition of "misconduct" contained in section 443.036(24), Florida Statutes (1985)[1] nor the case law interpreting that section contains any duty to refrain from striking a retaliatory blow. For example, in Davis v. Florida Unemployment Appeals Commission, *756 472 So.2d 800 (Fla.3d DCA 1985), the court reversed the appeals referee's denial of unemployment compensation benefits where the claimant had been dismissed after she responded to verbal and physical assault of a coworker by lunging at her coworker and issuing conditional threats of violence. We believe, as did the Davis court under similar circumstances, that while the appellant's failure to withdraw rather than striking a retaliatory blow may have shown poor judgment and inability to control himself which justified his employment dismissal, this conduct did not constitute misconduct as defined by section 443.036(24) so as to justify denying him unemployment compensation benefits.
Here, the appellant had apparently tried to accommodate Malloy by moving the offending grove heater to an outdoor area after Malloy initially complained of the fumes. The appellant's striking a retaliatory blow was a natural and probably impulsive reaction to Malloy's pushing him on the forehead. We see nothing in the appeals referee's finding of facts which indicates that the appellant's initial reaction toward Malloy, the undisputed aggressor, was of a deliberate, willful, or wanton nature, or which reflects an intentional and substantial disregard for his employer's interest or of his duties to his employer. See § 443.036(24), Fla. Stat. The appellant's striking a retaliatory blow, therefore, did not constitute misconduct connected with his work which precluded his being entitled to unemployment benefits. We, accordingly, reverse the order denying the appellant's claim for unemployment benefits and remand for proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, C.J., and SCHOONOVER and THREADGILL, JJ., concur.
NOTES
[1] (24) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:

(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.