547 So.2d 1253 (1989)
Jason C. LOVETT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Tarmac Florida, Inc., Appellees.
No. 88-3076.
District Court of Appeal of Florida, First District.
August 15, 1989.
Leatrice E. Williams and Lester B. Bass of Jacksonville Area Legal Aid, Inc., Jacksonville, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n, for appellees.
*1254 PER CURIAM.
We reverse the order of the Florida Unemployment Appeals Commission because the Commission impermissibly substituted its own findings of fact for facts found by the appeals referee based on competent substantial evidence in the record. Heifetz v. Department of Business Regulation, Div. of Alcoholic Beverages & Tobacco, 475 So.2d 1277 (Fla. 1st DCA 1985). We hold that the employer's failure to intercede in the dispute between appellant and a coemployee on the date in question was sufficient, under the circumstances found by the appeals referee, to meet the good cause standard of section 443.101, Florida Statutes (1987), and avoid loss of entitlement to unemployment compensation benefits. Buckeye Cellulose Corporation v. Williams, 522 So.2d 39 (Fla. 1st DCA 1988).
REVERSED.
ERVIN, WENTWORTH and ZEHMER, JJ., concur.