563 So.2d 803 (1990)
GENERAL ASPHALT COMPANY, INC., Appellant,
v.
Edgar HARRIS and Florida Unemployment Appeals Commission, Appellees.
No. 89-2216.
District Court of Appeal of Florida, Third District.
June 26, 1990.
Julie Gallagher, Tallahassee, Edgar L. Harris, Miami, for appellant.
John D. Maher, and Geri Atkinson-Hazelton, General Counsel, Tallahassee, for Unemployment Appeals Commission.
Before JORGENSON, COPE and GODERICH, JJ.
GODERICH, Judge.
The employer, General Asphalt Company, Inc., appeals an order of the unemployment appeals commission reversing the appeals referee's conclusion that the claimant was disqualified from receiving benefits because he was discharged from employment for misconduct connected with his work[1] as provided in Section 443.101(1)(a), Florida *804 Statutes (1989).[2] We affirm.
The appeals referee made the following findings of fact:
The claimant became employed by a paving subcontractor, as a laborer, in March, 1983. In the ensuing years of his employment, the claimant complained on several occasions to the vice-president in regards to other employees playing around and bothering him when he was at work. On January 11, 1989, an employee began to tease the claimant by throwing hot asphalt pebbles to the claimant. The claimant told the employee to stop, but when the employee continued the claimant took a shovel, attacked the employee with it and hit the employee causing physical injury. The employee had put his hands up when the claimant swung the shovel and he was cut about the hands requiring medical attention. The vice-president investigated the incident and discharged the claimant effective January 13, 1989.
Based on the above stated facts, as found by the appeals referee, it is clear that the claimant was discharged after he became involved in an altercation with a co-worker on the employer's premises. The claimant acted irresponsibly, but his actions were not without provocation. Moreover, the employer had the opportunity to intercede between the claimant's tormentors and the claimant before the situation escalated to such a level; however, the employer did not act. Under these circumstances, the claimant's actions did not constitute misconduct connected with work. See Lovett v. Florida Unemployment Appeals Comm'n, 547 So.2d 1253 (Fla. 1st DCA 1989); Anderson v. Florida Unemployment Appeals Comm'n, 517 So.2d 754 (Fla. 2d DCA 1987); Davis v. Unemployment Appeals Comm'n, 472 So.2d 800 (Fla. 3d DCA 1985).
The appeals commission's order is hereby affirmed.
NOTES
[1] Section 443.036(26), Florida Statutes (1989), provides as follows:

"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1989).
[2] Section 443.101(1)(a), Florida Statutes (1989), disqualifies workers who are discharged because of their misconduct from receiving benefits.