PER CURIAM.
A claims examiner for the Florida Department of Labor and Employment Security, Division of Unemployment Compensation (the Division), disqualified Elizabeth Macdonald for unemployment benefits because she “failed to execute a referral to suitable work given by the Job Service of Florida.” The decision rendered Mac-donald ineligible for benefits from May 28, 1989, through July 1, 1989, and until she earned $3,060.00. An appeals referee affirmed the disqualification, as did the Florida Unemployment Appeals Commission. Macdonald then sought this court’s review. We conclude that the record does not support Macdonald’s disqualification.
Before the Division can lawfully disqualify a claimant, it must consider certain factors. Section 443.101(2), Florida Statutes (1987), provides:
(a) In determining whether or not any work is suitable for an individual, the division shall consider the degree of risk involved to his health, safety, and morals; his physical fitness and prior training; his experience and prior earnings; his length of unemployment and prospects for securing local work in his customary occupation; and the distance of the available work from his residence.
It appears that the Division considered none of these factors before disqualifying Macdonald.
Macdonald applied for unemployment benefits after she was laid off from her position as dining room manager of a retirement community restaurant. She indicated that dining room management is a middle to upper-level position in which she had ten years’ experience. Her duties included hiring and firing employees and creating and implementing company policy. It did not involve any type of cleaning or food preparation.
Three days after she applied for benefits, the Job Service of Florida referred Mac-donald to a position at Naples Community Hospital. Although the record is sparse as to the details of this position, it appears to have been that of assistant manager of the hospitality shop. The job hours were from 5:00 p.m. to 1:00 a.m.
Macdonald testified that she did not want to accept the referral, but that the job service representative told her of the hospital’s benefits and suggested she look into it. The job service representative did not explain that Macdonald could be denied benefits if she refused to do so. After giving the matter some thought, Mac-donald decided not to apply for several reasons.
First, the Naples position required a fifteen-mile commute and late night hours. Macdonald was then fifty-eight years old and her only transportation was an unreliable ten-year-old car. She testified that while a fifteen-mile commute would have been acceptable during the daylight hours, it was too risky between 1:00 and 2:00 in the morning.
Second, hospital employees told her the position was not similar to her previous experience and that it required cleaning and food preparation. These were areas in which Macdonald had never worked, and *1321 because she had been unemployed only three days, she believed it would be better to try to find a position better suited to her experience and location. Thus, Macdonald presented competent, substantial evidence directed to several of the factors the Division should have considered.
The Division presented nothing to the contrary. In fact, it was unrepresented at the hearing. It provided copies of Mac-donald’s refusal of referral or job offer and a “Local Office Message” dated June 14, 1989, which describes the Naples position as “asst. mgr. hospitality shop 5:00 p.m-1:00 a.m. steers operations supervises staff.” It also supplied a Division questionnaire, in which Macdonald answered the question “During what hours are you able and willing to work?” with the word, “Daytime.” The Division provided no details of the Naples position.
On appeal, in rebutting Macdonald’s claim that the job was a demotion, the Division said that “managing a retirement home dining room would appear to involve work similar to that involved in supervising a hospital cafeteria.” We see no reason to presume that this is true. However, even if that were a fair assumption, it would not apply to this case. Macdonald’s work was in a retirement community restaurant, not a retirement home; and the hospital position appears to have been in a hospitality room, not a cafeteria.
Thus, the Division not only failed to controvert Macdonald’s evidence but also failed to assess the facts accurately. We therefore reverse and remand with directions to qualify Macdonald for benefits for the specified period.
Reversed.
LEHAN, A.C.J., and FRANK and PATTERSON, JJ, concur.