PER CURIAM.
The claimant appeals the determination of misconduct which disqualified her from receiving unemployment compensation. We affirm.
The claimant worked closely with a coworker, Fleming. Friction developed between the pair and claimant asked to be rotated to another work unit. A supervisor determined and reported to the claimant that the move could not be accomplished for several days. Evidently, thereafter a dispute erupted and the claimant struck Fleming. Furthermore, two supervisors who attempted to intervene were injured. Both claimant and Fleming were discharged. In a separate proceeding, Fleming sought unemployment compensation and prevailed with the referee in that proceeding determining that the claimant here was the aggressor. Likewise, the referee in the instant case found the claimant was the aggressor and specifically rejected her defense of provocation or “hot blood.”
The present case is materially different from Davis v. Unemployment Appeals Comm’n, 472 So.2d 800 (Fla. 3d DCA 1985) partly relied upon by the claimant. First, in Davis, the claimant was not found to be the instigator; second, the claim of “hot blood” substantiated in Davis, was specifically rejected by the referee herein. The instant case invokes the general rule, stated in Davis, that a claimant’s threat of physical violence directed at a fellow employee leading to the claimant’s discharge constitutes employment-related “misconduct” which dis-entitles the claimant to unemployment benefits.
*1030 Accordingly, the order under review is affirmed.