664 So.2d 1043 (1995)
Richard L. LUCAS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and General Telephone Company of Florida, Appellees.
No. 94-03542.
District Court of Appeal of Florida, Second District.
November 29, 1995.
Andrew Froman of Garrity & Fulford, P.A., Tampa, for Appellant.
William T. Moore of the Unemployment Appeals Commission, Tallahassee, for Appellee Commission.
FRANK, Judge.
Richard Lucas has appealed from an order of the Unemployment Appeals Commission finding that he was ineligible for unemployment compensation benefits because he was discharged for misconduct connected with work. Although Lucas did strike another employee while the two were on their lunch break, we have concluded that Lucas' behavior did not rise to the level of misconduct, and we reverse.
Lucas, a cable installer and repairer, had been assigned to work with another General Telephone Company employee. The other employee, according to Lucas, was argumentative and abusive, persistently antagonizing him about working faster. On the day in question the harassment continued during *1044 the lunch break. The other employee leaned against the driver's door of Lucas' truck, glaring at him and yelling at him to return to work. As the other employee continued to push up against the truck, Lucas felt threatened and compelled to exit the truck. The other employee rushed at him, and Lucas shoved him back with an open hand. In a statement to the supervisor who fired him, Lucas admitted that he had lost his temper.
At the hearing the employer presented several hearsay versions of the events, only one of which survived excision by the appeals commission on review. However, the employer's own account of events does not really contradict Lucas' story in the essential detail that Lucas felt threatened by the co-worker's "invasion of his space" before he struck him. Thus, even when credibility issues are resolved in the employer's favor, both versions of the incident support the view that the co-worker acted aggressively.
At the hearing the GTE representative admitted that the sole reason for Lucas' discharge was the fight. Some testimony was admitted concerning prior disciplinary incidents involving Lucas  a prior DUI, a past problem with excessive absenteeism that had been resolved, and a verbal warning about using the lunch hour to work out at a gym. These incidents did not contribute to the decision to fire Lucas, however; termination was precipitated solely by the physical altercation.
The facts of this case indicate that Lucas acted with poor judgment. He reacted emotionally to his co-worker's aggressive acts, and he lashed out physically. His action may have been excessive but it cannot be deemed unprovoked. Under these circumstances the reversal of the denial of benefits based upon misconduct is unwarranted. Garguilo v. Florida Unemployment Appeals Commission, 642 So.2d 784 (Fla. 2d DCA 1994); General Asphalt Co. v. Harris, 563 So.2d 803 (Fla. 3d DCA 1990); Anderson v. Florida Unemployment Appeals Commission, 517 So.2d 754 (Fla. 2d DCA 1987). A single episode of loss of self-control by a longtime worker does not constitute misconduct as defined in section 443.036(26), Florida Statutes (1993). See Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992); Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992).
Accordingly, we reverse the Commission's order with instructions that the claimant's unemployment compensation benefits be reinstated.
RYDER, A.C.J., and PATTERSON, JJ., concur.