W. SHARP, Judge.
Nolan, an instructor for Daytona. Beach Community College, appeals from an order of the Unemployment Appeals Commission denying him unemployment compensation. We conclude that the Commission’s order is not supported by competent, substantial evidence, and accordingly reverse.
Nolan, a full time contract instructor, taught in the air conditioning program at the college. Nolan worked under a nine-month contract during the regular school year and a ten-week contract during the summer.
In August 1994, Nolan was offered a nine-month contract for the 1994-95 regular school year. Nolan refused the contract for three reasons: 1) the student/teaeher ratio was too high, which caused safety problems in the air conditioning program; 2) there would be a decrease in his hours and a corresponding decrease in his pay of about $2,000; and 3) a student who had threatened Nolan and his family and who had been expelled by the college had just been reinstated.
After refusing the offered contract, Nolan applied for unemployment benefits. His initial request for unemployment benefits was *596 denied. Nolan appealed and a hearing was held before the appeals referee. The appeals referee concluded that the college administration had the sole responsibility to allocate available funds and determine the student/teacher ratio and that Nolan had never been guaranteed a certain number of hours. The appeals referee also concluded that Nolan failed to present evidence that the student had actually threatened him or that the return of the student would place Nolan or his family in harm’s way. The appeals referee determined that Nolan had refused a bona fide offer of work without good cause and was thus disqualified from receiving unemployment benefits.
Section 443.101, Florida Statutes (Supp. 1994), provides that an individual is disqualified from receiving unemployment benefits if he refuses suitable work:
(2) If the division finds that the individual has failed without good cause either to apply for available suitable work when so directed by the division or employment office, or to accept suitable work when offered to him, or to return to his customary self-employment when so directed by the division, such disqualification shall continue for the full period of unemployment next ensuing after he has failed without good cause either to apply for available suitable work, or to accept suitable work, or to return to his customary self-employment, pursuant to this subsection, and until such individual has earned income equal to or in excess of 17 times his weekly benefit amount. The division shall by rule provide criteria for determining the “suitability of work,” as used in this section. The division in developing such rules shall consider the duration of a claimant’s unemployment in determining the suitability of work and the suitability of proposed rates of compensation for available work
(a) In determining whether or not any work is suitable for an individual, the division shall consider the degree of risk involved to his health, safety, and morals; his physical fitness and prior training; his experience and prior earnings; his length of unemployment and prospects for securing local work in his customary occupation; and the distance of the available work from his residence, (emphasis added)
We agree that two of the reasons advanced by Nolan for refusing the contract were insufficient to establish that the work was unsuitable. When questioned by the appeals referee regarding the studenfrteaeher ratio, Nolan admitted that he probably would have returned to the college had it not been for the return of the violent student and the pay cut. This indicates that the high student/teacher ratio, while admittedly of concern to Nolan, by itself would not have prevented him from returning to the college. And, as to the decrease in pay, Nolan admitted that the college never guaranteed that he would receive a certain number of hours. In addition, the amount under the new contract was more than the contract amount for the previous year and only slightly less than the amount that Nolan actually earned in the previous year with his overtime hours.
However, we conclude that Nolan’s concern for his safety and the safety of his family was a sufficient basis to find that the offered work was unsuitable. It was undisputed that a student had threatened Nolan and his family, and that the college had expelled this student in August 1993. There is no basis in this record to support the referee’s conclusion that the threats did not occur. After the student filed a civil rights complaint against the college, he was reinstated. While the student had not yet returned to the college, he was able to apply to do so at any time, and attend Nolan’s class. There was no evidence that the college did anything to allay Nolan’s fears or to provide for his safety.
Section 443.101 specifically requires the division to consider the degree of risk involved to a claimant’s health and safety in determining whether any work is suitable for the claimant. In a related unemployment context, the courts have held that a reasonable fear for one’s personal safety or health may constitute good cause for leaving employment. See Spangler v. Unemployment Appeals Commission, 632 So.2d 98 (Fla. 5th *597 DCA 1994); Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983).
Here, the record established that a student had threatened Nolan and his family, and the evidence at the hearing suggested that the student had the means to carry out his threats; ie., knowledge and ability to construct a bomb. Had the college expelled the student and barred him from the campus, then perhaps the refusal of the contract on grounds of safety would be unreasonable. But, here the college reinstated the student and did nothing to provide for Nolan’s safety. Under these circumstances, we think Nolan had a compelling reason for refusing the offered work and therefore was eligible to receive unemployment benefits. See Spangler (Wal-Mart stocker who resigned because stock room where she was required to work was unsanitary and management had done nothing to correct the problem was entitled to receive unemployment benefits); Tannariello (worker who resigned employment which had required her to work alone in a vacant building in an unsavory neighborhood was entitled to unemployment compensation). See also Smallwood v. Florida Department of Commerce, 350 So.2d 121 (Fla. 4th DCA 1977) (order denying benefits reversed where claimant refused to drive a large truck on the highway on an overnight trip because he felt that his peripheral vision had deteriorated since cataract operations in both eyes).
REVERSED and REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., dissents without opinion.