682 So.2d 1187 (1996)
Judith WALL, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Safespace, Inc., Appellees.
No. 95-3201.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
*1188 Judith Wall, Jensen Beach, pro se.
John D. Maher, Tallahassee, for Appellee-Unemployment Appeals Commission.
PER CURIAM.
This is an appeal from an order of the Unemployment Appeals Commission (UAC) denying benefits, which order reversed the appeals referee. We reverse and remand with direction to reinstate the decision of the referee.
Appellant was executive director of Safespace, Inc., an organization which provides intervention and shelter for victims of domestic violence. Her office shared the ground space with a thrift shop which also was operated by Safespace. A door separated the office space from the thrift shop. After five months of employment, appellant resigned citing health and safety reasons. The appeals referee concluded that appellant's health concerns were not sufficient to constitute good cause attributable to the employer. The UAC agreed on this point. Resolution of this appeal does not involve this aspect of the claim, but only the second part of the claim; namely, the safety reasons asserted by appellant.
The appeals referee's conclusions focused upon a theft of appellant's property from her office as well as other burglaries, that appellant had learned of a history of such burglaries in the building, and that the area was considered unsafe, especially after dark. The referee concluded that, when coupled with the potential health problems (although admittedly mostly resolved), appellant's concern for her personal safety was reasonable and that such constituted good cause under Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983). Accordingly, the appeals referee held that appellant was not disqualified from benefits. The UAC erroneously reversed this part of the claim.
Good cause is cause which "would reasonably impel the average able-bodied qualified worker to give up his or her employment." Tannariello, 437 So.2d at 800 (citation omitted). It is well settled that the UAC cannot reweigh the evidence, modify the referee's factual findings, or substitute its factual findings for those of the referee unless the UAC determines that the referee's findings were not based on competent substantial evidence. See, e.g., Georgia v. Unemployment Appeals Comm'n, 647 So.2d 279 (Fla. 2d DCA 1994); Studor Inc. v. Duren, 635 So.2d 141 (Fla. 2d DCA 1994); Copp v. 4126, Inc., 616 So.2d 87 (Fla. 4th DCA 1993). However, it is within the discretion of the UAC to reach a different legal conclusion based upon the factual findings of the appeals referee. Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106 (Fla. 5th DCA 1990).
As stated in Tannariello, "a reasonable fear for one's personal safety may, under appropriate circumstances, constitute good cause for leaving employment." 437 *1189 So.2d at 800. In the instant case, the only police report in the record is the one which reflects the one burglary involving appellant's property, but the record does indicate that the referee received additional police reports from appellant. Furthermore, appellant testified as follows:
The factors affecting my health and safety that I referred to in that letter had to do with the fact that the building had been burglarized eight times within the past year which I have police documentation for. I had been personally robbed in my office while I was alone in the back of the building.
....
Before I submitted waswell, I was robbed on 9/16 and then there was another robbery on 9/22 and then there was a burglary on 9/29. I submitted my resignation on November 19th. There were two burglaries prior to my being hired and two after I left.
....
Also visited by a police officer on November 7th from the Fort Pierce Police Department who came to speak to me about safety. And he had told me that the locks on the adjoining door were not very effective and that I should never be in the building alone or after dark and his final suggestion was a safety alarm system. But he had indicated that it was not a safe neighborhood for a woman to work in especially since our focus was domestic violence and we needed to take referrals of court ordered batterers and stalkers. Face to face alone in the building.
Presumably the UAC did not find the referee's finding that there were at least two burglaries during the course of appellant's employment to be based on competent evidence because appellant did not have personal knowledge of the incidents (other than the one where her property was taken). Rather, appellant learned of these through police reports and from a co-worker.
Hearsay evidence is admissible in an administrative proceeding and may be used to supplement or explain other evidence, but hearsay evidence alone is not sufficient to support a finding. See Silvia v. Cumberland Farms, Inc., 588 So.2d 1069, 1071 (Fla. 4th DCA 1991); City of Fort Lauderdale v. Unemployment Appeals Comm'n, 536 So.2d 1074, 1075-76 (Fla. 4th DCA 1988). Thus, appellant's hearsay testimony regarding the additional burglaries was alone insufficient to establish the fact that there were at least two burglaries during the course of appellant's employment. However, there was testimony from a representative of the employer that "it is a fact that people have broken into the store at night." There is no indication that this testimony was based upon hearsay and not personal knowledge. Thus, appellant's hearsay testimony can be viewed as supplementing this other evidence. Taken together, this evidence provides competent support for the referee's factual finding that there were at least two burglaries during appellant's employment. Accordingly, the UAC erred in rejecting this factual finding of the referee.
Furthermore, the otherwise hearsay testimony of appellant was not hearsay to the extent that it established that appellant learned of a series or history of burglaries both during and prior to her employment, which appellant learned when she went to the police department prior to her resignation. Since an issue in the instant case was whether appellant had a reasonable fear for her safety, the otherwise hearsay evidence establishing a series of burglaries over the course of the year (and several incidents during appellant's employment), would not be hearsay as such evidence related to appellant's knowledge of the series of burglaries and thus to the reasonableness of her fears, rather than the truth of the matters asserted, i.e., whether the burglaries actually occurred. Although the UAC did not specifically reject the finding that appellant learned of the history of burglaries, the UAC certainly dismissed this finding in favor of what it perceived to be the only competent evidence showing only one burglary. The UAC improperly concluded, albeit implicitly, that the finding regarding appellant's learning of the history of burglaries should not be considered because it was not based on competent evidence.
*1190 Finally, the UAC impermissibly added an additional fact to the effect that appellant did not explain why she did not replace the lock on the door between her office and the thrift shop. The UAC may not "reweigh[] the evidence and include[] additional facts to justify its decision contrary to the that of the referee." Palmere v. Computerland, 626 So.2d 1114 (Fla. 4th DCA 1993); see also David Clark & Assocs., Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980).
Since the UAC's legal conclusion regarding appellant's safety concerns was based on its impermissible reweighing of the facts and its substitution of the referee's factual findings, the UAC exceeded its authority. The referee's finding of good cause was in accord with the law.
GLICKSTEIN, DELL, JJ., and OFTEDAL, Associate Judge, concur.