730 So.2d 719 (1999)
Earnest JACKSON, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Modern Welding Company of Florida, Inc., Appellees.
No. 97-2411
District Court of Appeal of Florida, Fifth District.
February 5, 1999.
*720 Michael L. Resnick, Kissimmee, for Appellant.
Allen J. McKenna and Elizabeth A. Hickman of Garwood, McKenna, McKenna & Wolf, P.A., Orlando, for Appellee Modern Welding Company of Florida, Inc.
No Appearance for Appellee Unemployment Appeals Commission.
GOSHORN, J.
Earnest Jackson appeals an order of the Unemployment Appeals Commission ("the Commission") reversing the appeals referee's determination that Jackson was entitled to unemployment benefits. Jackson contends that because the appeals referee's determination was supported by competent substantial evidence, the Commission erred in reversing the referee's decision. We agree and reverse.
Jackson, a 17-year employee of Modern Welding, was discharged for fighting during a lunchbreak card game. When Jackson applied for unemployment benefits, the claims adjudicator determined that he was disqualified therefrom because he had been discharged for misconduct connected with work. Jackson appealed that determination, and a hearing was held before an appeals referee. The appeals referee concluded that Jackson was entitled to benefits because although he overreacted and exercised poor judgment in striking a co-worker, he did not engage in "misconduct." The referee found that the co-worker had initiated the fight.
Modern Welding appealed the referee's decision to the Commission, and the Commission remanded the case to the referee for further proceedings. The referee then issued a second decision, finding that both Jackson and the other employee "should have ended the argument by walking away" and that Jackson's response in striking the other employee after being provoked was "at worst ... an isolated act of poor judgment" that did not amount to misconduct. Modern Welding again appealed, and the Commission again reversed the referee's decision, concluding that Jackson acted "in deliberate disregard of the safety of others" and engaged in misconduct.
For the purposes of unemployment compensation:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or

*721 (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(26), Fla. Stat. (1997). "Misconduct serious enough to warrant an employee's dismissal is not necessarily serious enough to warrant the forfeiture of compensation benefits." Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992); accord Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993); Pallas v. Unemployment Appeals Comm'n, 578 So.2d 487 (Fla. 5th DCA 1991).
"In determining whether misconduct has occurred, the statute should be liberally construed in favor of the claimant. Furthermore, the employer has the burden to demonstrate misconduct." Crosby v. Unemployment Appeals Comm'n, 711 So.2d 260, 262 (Fla. 5th DCA 1998) (citations omitted); accord Webb v. Rice, 693 So.2d 1109 (Fla. 3d DCA 1997). Misconduct usually consists of repeated instances in the face of warnings, and isolated acts of poor judgment do not amount to misconduct. See, e.g., Baptiste v. Waste Management, Inc., 701 So.2d 386 (Fla. 3d DCA 1997); Grossman v. J.C. Penney Co. 2071, 689 So.2d 1206 (Fla. 3d DCA 1997).
Once an appeals referee makes a determination regarding benefits, the Commission reviews that decision
for whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. In reviewing whether the record contains competent, substantial evidence to support the appeals referee's findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it. The basis for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence.
San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93, 95 (Fla. 4th DCA 1998) (citations omitted). The referee's factual findings cannot be disturbed if supported by competent substantial evidence, even where there is also evidence supporting a different result. Fanelli v. Unemployment Appeals Comm'n, 711 So.2d 237 (Fla. 5th DCA 1998). Although the Commission cannot reweigh the evidence or substitute its own factual findings, "it is within the discretion of the UAC to reach a different legal conclusion based upon the factual findings of the appeals referee." Wall v. Unemployment Appeals Comm'n, 682 So.2d 1187, 1188 (Fla. 4th DCA 1996). "In reviewing a substituted conclusion by the UAC, [the appellate] court must assure that the correct rules of law were applied." Grossman v. Jewish Community Ctr. of Greater Fort Lauderdale, Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998).
The parties are in agreement that fighting does not constitute "misconduct" per se; rather, an important consideration is whether the fighting employee was provoked into action. See Lucas v. Unemployment Appeals Comm'n, 664 So.2d 1043 (Fla. 2d DCA 1995) (reversing denial of benefits where claimant "acted with poor judgment" but was provoked; noting that "[a] single episode of loss of self-control by a longtime worker does not constitute misconduct"); Garguilo v. Florida Unemployment Appeals Comm'n, 642 So.2d 784 (Fla. 2d DCA 1994) (reversing denial of benefits where co-worker was the aggressor, claimant was several-year employee, and incident was isolated); General Asphalt Co., Inc. v. Harris, 563 So.2d 803 (Fla. 3d DCA 1990) (affirming award of benefits where employee "acted irresponsibly" but "not without provocation"); Anderson v. Florida Unemployment Appeals Comm'n, 517 So.2d 754 (Fla. 2d DCA 1987) (finding appellant's retaliatory strike "a natural and probably impulsive reaction" which did not amount to misconduct); Davis v. Florida Unemployment Appeals Comm'n, 472 So.2d 800 (Fla. 3d DCA 1985) (no misconduct even though claimant "may have shown bad judgment and over-reacted"; threat was "in hot blood"). But see Henry v. Cordis Corp., 626 So.2d 1029 (Fla. 3d DCA 1993) (affirming denial of benefits where claimant was found to be the aggressor).
*722 We find that the Commission erred in overturning the appeals referee's decision awarding benefits. Although the Commission is entitled to reach a different legal conclusion than the referee, Wall, it is this court's task to "assure that the correct rules of law were applied." Grossman, 704 So.2d at 716. Here, the Commission erred in determining that Jackson engaged in misconduct. There clearly was provocation for Jackson's actions; it is undisputed that the co-worker made the first physical contact, whether in touching Jackson's chin or in pushing or slapping Jackson's hand away. Although Jackson may have overreacted in striking the co-worker, his actions appear to have been "impulsive," "in hot blood," and "a loss of self-control" as in Anderson, Davis, and Lucas. Even though Jackson had been given a warning about fighting nine years earlier, the prior incident is too remote in time to elevate the second fight into more than an isolated occurrence for this longtime, well-regarded employee. This appears to be a case where the employee's actions may have warranted dismissal but not forfeiture of benefits. Benitez.
REVERSED AND REMANDED with directions to reinstate the decision of the appeals referee.
PETERSON, J., concurs.
HARRIS, J., dissents, with opinion.
HARRIS, J., dissenting.
I respectfully dissent.
I recognize the precedent relied on by the majority and agree that it lends support for the majority view. But I believe the factual distinctions between the cited cases and this one are material. Further, I find that the Commission herein properly accepted the referee's findings of fact but, consistent with its authority, rejected the conclusions of law reached by the referee. The referee found:
The referee now concludes that the employer's evidence is still more consistent, overall. The claimant was a poor historian of fact; his testimony that Mr. Rager touched him on the lip with his thumb is rejected. The referee concludes that the claimant may have had the perception that the thumb touched him based on the closeness of the parties involved. But the referee concludes ... that the thumb was placed near his face, but not touching it. All relevant conflicts were resolved in favor of the employer based on the consistent evidence of the employer's witnesses. Notwithstanding this conflicts resolution, the employer has not met its burden.
In hindsight, the Commission correctly found that the claimant was the party who initiated the verbal part of the argument when Mr. Rager accused the claimant's partner of cheating. Since the comments were not directed to him, the claimant should have refrained from making any comments that would provoke further hostility. Verbal hostility ensued nonetheless when the claimant, on his own, described that Mr. Rager was acting like a baby. In turn, these comments by the claimant are not considered "fighting words" by the referee. Thus Mr. Rager should not have placed his thumb near the claimant's face so much so that the claimant felt he had to react. Mr. Rager's physical act of placing his thumb near the claimant's face escalated the verbal discussions to a physical level.
The referee "found as fact" that the claimant initiated the confrontation by calling Mr. Rager a baby. He further found that when Mr. Rager stuck his thumb near the claimant's face, the claimant "pushed" his thumb away. After this first resort to physical contact by the claimant, the referee found that Mr. Rager also slapped claimant's hand away when claimant pointed his finger at Rager's face. At this point, claimant beat Mr. Rager into submission.
Based on these facts, the referee concluded as a matter of law that taking a retaliatory blow rather than withdrawing from attack or provocation by an aggressor may show poor judgment and inability to control oneself which justifies dismissal, but does not constitute conduct justifying denial of unemployment compensation benefits. This is an implied finding that Rager was the aggressor. *723 The Commission concluded that the record did not support a finding that Mr. Rager was the aggressor. Indeed, such "finding" is inconsistent with the referee's own previous statement of the facts. And whether the conduct of the claimant justifies denial of unemployment benefits is a question of law. The Commission was free to disagree with the referee on this point of law and did. The Commission found:
The initial provocation made by the claimant rapidly became a verbal altercation that ended with the severe beating administered by the claimant to Mr. Rager. There can be no justification for the claimant's overreaction to Mr. Rager's response to the claimant's initial provocation. The evidence reflects that Mr. Rager was considerably older than the claimant and the claimant was considered the much stronger man.... An employer should not be expected to permit such behavior in the work place and should not be required to pay the cost of unemployment when an employee is fired for engaging in this type of conduct. Contrary to the referee's conclusion, the claimant's actions were in deliberate disregard of his duties and obligations to the employer and constituted misconduct within the meaning of the law.
Since it is the Commission that is charged with the responsibility of interpreting and enforcing, at least in the first instance, the unemployment laws of this state, its decisions should carry considerable weight with the court. See Dominguez v. Florida Unemployment Appeals Comm'n, 679 So.2d 835 (Fla. 3d DCA 1996); Brooks v. Unemployment Appeals Comm'n, 695 So.2d 879 (Fla. 5th DCA 1997). I agree with the Commission that the record does not support a finding that Mr. Rager was the aggressor and I also agree with the conclusion of the Commission that the law does not compel an employer to either accept violent aggressive behavior by its employees or bear the cost of firing them.