790 So.2d 1120 (2001)
Kit CARSON, Appellant,
v.
NEWS-JOURNAL CORPORATION, and Tippen Davidson, Appellee.
No. 5D00-1996.
District Court of Appeal of Florida, Fifth District.
June 15, 2001.
Rehearing Denied August 13, 2001.
*1121 Kevin Kitpatrick Carson, of Kevin "Kit" Carson, P.A., Daytona Beach, pro se.
Jonathan D. Kaney, Jr., Bruce A. Hanna, and Jonathan D. Kaney, III, of Cobb, Cole & Bell, Daytona Beach, for Appellee.
PER CURIAM.
In this defamation action, Kit Carson appeals the final summary judgment entered in favor of the News-Journal Corporation and Tippen Davidson, the newspaper's chief executive officer (collectively News-Journal). We affirm.
In his complaint, Carson alleged that the News-Journal defamed him when it published news stories and editorial statements relating to his 1996 candidacy for the office of Public Defender and his 1998 candidacy for county judge. The complaint alleged that fourteen statements published by the News-Journal were defamatory. The News-Journal defended on three grounds: (1) certain statements were not susceptible of possessing a defamatory meaning; (2) certain statements were expressions of pure opinion; and (3) certain statements were privileged as being fair reports of official records. The trial court ruled that none of the fourteen statements were actionable. We agree.
Only one of the claims of error raised by Carson in this appeal merits discussion; namely, his claim that certain articles printed by the News-Journal relating to the circumstances surrounding two instances when he was discharged from his employment were not protected under the fair reports privilege. The articles at issue were based upon information contained in two public documents from Florida's Bureau of Unemployment Compensation (Bureau). The fair reports privilege requires that, in order to be privileged, a news report of a public document must contain the substance of the subject the document undertakes to present, or any separable part thereof. See Restatement (Second) of Torts, § 611 (1976); Shiell v. Metropolis Co., 102 Fla. 794, 136 So. 537 (1931). Carson contends that the privilege could not be invoked here because the News-Journal's articles were not *1122 fair abridgements of the occurrences reported in the Bureau's documents.
In reporting on Carson's employment history, the News-Journal accurately summarized the portion of the first document which indicated that the Public Defender's office had stated that Carson was discharged for "unsatisfactory work performance." Carson contends that this news report was actionable because it failed to reveal that the document further indicated that the Bureau had determined that his discharge was for reasons other than "misconduct connected with his work" and that he was awarded unemployment compensation benefits. In connection with the News-Journal's report concerning the second document, which related to Carson's subsequent dismissal by the Attorney General's office for allegedly refusing to perform assigned work, Carson contends that the News-Journal could be found liable for failing to report that the remaining portion of that document indicated that Carson was awarded unemployment compensation benefits following his dismissal by that office. As to both documents, Carson maintains that the portions of the reports indicating that he was discharged for reasons other than misconduct and that he was awarded benefits were not separable from the portions stating that he was discharged for unsatisfactory work performance and, thus, should have been included in the new articles in order for the reports to be accurate. We disagree. The trial court properly ruled that these news reports were not actionable because they accurately summarized separable portions of the Bureau's two public documents. The focus of the News-Journal's reports was an explanation from Carson's former employers of the reasons for his discharge, not whether Carson was entitled to receive unemployment compensation benefits in connection with his discharge from such employment.[1]
AFFIRMED.
THOMPSON, C.J., SAWAYA, and PALMER, JJ., concur.
NOTES
[1] Carson's argument appears to be based upon the incorrect assumption that a finding in his favor on the issue of entitlement to receive unemployment compensation benefits necessarily rebutted the truth of the allegations made by the Public Defender's office and the Attorney General's office concerning the reasons for his discharge, or "acquitted him" of those allegations. Such is not the case. The standard for denial of unemployment compensation is "misconduct connected with work." See § 443.036(29), Fla. Stat. (1999) (defining misconduct as being "conduct evincing such willful or wanton disregard of an employer's interest," or "carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard" of an employer's interest or duties and obligations). Grounds which are sufficient for discharge for unsatisfactory work performance may not be serious enough to constitute misconduct connected with work. See Jackson v. Unemployment Appeals Comm'n, 730 So.2d 719, 721 (Fla. 5th DCA 1999).