PLEUS, J.
Cole, pro se, appeals a final order of the Unemployment Appeals Commission (UAC) denying her unemployment benefits. She argues that the UAC erred in determining that she quit her job without good cause. Neither the employer nor the UAC filed an answer brief.
Cole worked as an office assistant for attorney Robert Murrell. She separated from employment and filed a claim for unemployment benefits. The Agency for Workforce Innovation issued a Notice of Determination granting unemployment benefits. Murrell appealed.
An appeals referee conducted a telephone hearing. Murrell testified that Cole worked for him as an office assistant from the fall of 2001 to November 20, 2002. Cole was an hourly employee who was paid on Friday for the number of hours she worked any given week.
Murrell described the circumstances surrounding Cole’s separation. On Monday, November 19, 2002, Murrell and Cole worked into the evening hours as Murrell was preparing to leave for a three-week vacation to North Carolina. He instructed her to file some papers at the courthouse first thing the next morning. On his way out of town Tuesday morning, Murrell *1251 called Cole and asked if she had filed the papers. She said “No, I’ll do that when I get around to it.” Cole asked Murrell if he had signed her paycheck for that week and Murrell responded that he would call her Friday and let her know where to find the check. Cole said, “I’m not playing this and I quit.” Murrell drove to the office and told Cole, “Since you quit, give me the key.” Murrell reiterated, “I didn’t fire her. She quit.”
On cross-examination, Murrell was asked what provision he had made for paying Cole the following two weeks. He responded that he had instructed Cole to overnight mail anything that needed to be signed.
Cole testified that they worked late on Monday because Murrell was going to North Carolina on Tuesday for three weeks. She prepared her paycheck for the coming Friday and told him, “If I [have] to wait for the two weeks [I’m not] going to wait three weeks to get paid.” Murrell did not respond. Murrell told her to file the papers the next day but did not specify when. He called Tuesday morning and asked if they had been filed. Cole said no. Cole then asked Murrell if he had signed her check and he said yes. She asked where it was and he said he hid it. He said he would tell her where it was on Friday and she responded, “That don’t cut it.”
Cole denied quitting over the phone or at any other time. She said Murrell hung up the phone and appeared at the office shortly afterward. He told her she was fired and demanded the office key.
Cole further testified that Murrell had gone to North Carolina twice before for two weeks each time. Both times she had agreed to wait two weeks to be paid. Cole disputed Murrell’s assertion that he had arranged to pay her for the remaining two weeks by mailing the paychecks back and forth. She said she was told to call him only in an emergency and had never mailed anything to him on vacation.
The appeals referee found that Cole quit with good cause. He reasoned as follows:
The record and evidence in this case show that the claimant quit the job because one the claimant’s previous paycheck was late and, on August 20, 2002, the claimant had reasonable cause to see that her paychecks for August 23, 2002 may be late, but that her paychecks for August 30, 2002 and September 6, 2002, would be late. Consideration is given to the employer’s assertion that claimant could have mailed the unsigned checks to him and he would have signed them and mailed them back to the claimant. Since the claimant was an hourly employee, this notion of mailing and waiting for return mail still meant there would have been a delay. Also, on the previous occasion, the mailing arrangement was not used.
The UAC reversed. While the UAC recited the referee’s fact findings, it concluded that his ultimate decision regarding good cause was “not in accord with the law.” The UAC explained as follows:
The claimant testified that she voluntarily quit because she believed the employer would not pay her on time. The referee held that the claimant quit with good cause because the employer had once previously failed to pay her on time and the claimant had reasonable cause to believe that her paychecks for August 30, 2002 and September 6, 2002 would be late. The Commission concludes, however, that the claimant essentially “jumped the gun” and quit in anticipation of her paychecks being late. The employer had advised the claimant that he had hidden the claimant’s paycheck for the following week and would tell her where it was located at the appropriate time. The claimant thus should have *1252 continued working and, if her paycheck was late, quit at that time. Because the claimant quit in anticipation of her paychecks being late, not after they were actually late, she voluntarily left work based on mere speculation and without good cause attributable to the employing unit within the meaning of the law.
On appeal, Cole argues that she was fired and did not quit. This argument is meritless. At the hearing, she testified she was fired while Murrell testified she quit. The appeals referee found she quit based on this conflicting evidence. There was substantial competent evidence to support this finding.
Alternatively, Cole argues that even if. the UAC’s finding that she quit was correct, it erred in reversing the referee’s good cause finding. It is well established that the UAC cannot disturb a referee’s fact findings if they are supported by substantial competent evidence. See, e.g. Jackson v. Unemployment Appeals Commission, 730 So.2d 719, 721 (Fla. 5th DCA 1999). It cannot reweigh the evidence or substitute its own findings. Id. The issue of whether an employee has left voluntarily and without good cause is a question of fact within the province of the appeals referee. Vanek v. Unemployment Appeals Comm’n, 842 So.2d 312 (Fla. 5th DCA 2003); Grossman v. Jewish Center of Greater Fort Lauderdale, Inc., 704 So.2d 714 (Fla. 4th DCA 1998); Verner v. Unemployment Appeals Comm’n, 474 So.2d 909 (Fla. 2d DCA 1985). Moreover, the “failure to comply with a salary agreement is sufficient cause to compel the average employee to leave his or her employment and, therefore, constitutes good cause attributable to the employer to justify an award of benefits to the employee.” Kelly v. Unemployment Appeals Commission, 823 So.2d 275, 279 (Fla. 5th DCA 2002).
Applying the above precedents, the UAC should have affirmed the referee’s good cause determination if it was supported by substantial competent evidence. The referee found that Cole had reasonable cause to believe Murrell was not going to comply with the salary agreement of being paid weekly because he had previously failed to pay her while he was on vacation and had made no provisions to pay her for the second and third weeks of the current vacation. This was substantial competent evidence. Cf. Tannariello v. Federation of Public Employees, 437 So.2d 799 (Fla. 4th DCA 1983) (holding that quitting for fear of personal safety after being required to work alone in an unsafe neigh-' borhood was reasonable and constituted good cause). The UAC’s finding that Cole “jumped the gun” was essentially a finding that her fear of not being paid for two or three weeks was unreasonable. The UAC improperly substituted its opinion of the facts in place of the referee’s opinion. Accordingly, we reverse the UAC’s decision.
REVERSED.
GRIFFIN and ORFINGER, JJ., concur. ■