FLETCHER, Judge.
Valerie Gibson appeals an order by the Florida Unemployment Appeals Commission in which she was disqualified from receiving unemployment compensation benefits. We reverse.
Gibson was employed by Vanguard Security, Inc. as a security guard at Mount Sinai Hospital in Miami Beach from January 14, 2004 until April 12, 2005. She normally used her car to get to work, but on occasion used public transportation. In February of 2005, on medical advice, Gibson, who was pregnant, requested a transfer to a less stressful previous position. On April 12, 2005, Vanguard placed Gibson on suspension because it could not accommodate her request. About two weeks later, Vanguard offered Gibson a new position located six miles further away which included weekend hours. Gibson declined the job offer because it would have necessitated her taking three public buses,[1] and her doctor advised against such means of transportation during her third trimester of pregnancy. Gibson filed for and obtained a determination that she was eligible to receive unemployment compensation benefits. However, Vanguard appealed the decision. The appeals referee ruled that Gibson failed to accept work without good cause. The ruling was subsequently affirmed by the Florida Unemployment Appeals Commission.
Under Section 443.101(2), Florida Statutes (2005),
“[a]n individual shall be disqualified for benefits ... [i]f the [agency] finds that the individual has failed without good cause ... to accept suitable work when offered to him or her.... In determining whether or not any work is suitable for an individual, the [agency] shall consider the degree of risk involved to his or her health, safety, and morals.”
Fear for one’s personal health may constitute good cause for leaving employment or rejecting a job offer as unsuitable. See Wall v. Unemployment Appeals Comm’n, 682 So.2d 1187 (Fla. 4th DCA 1996) (holding that claimant’s concerns for her personal safety at her workplace provided good cause for her leaving her employment at a shelter for domestic violence victims where there was a history of burglaries); Nolan v. Unemployment Appeals Comm’n, 680 So.2d 595 (Fla. 5th DCA 1996) (finding college instructor eligible for benefits on ground that offered work was unsuitable where a student who had threatened the instructor and his family had been reinstated); Macdonald v. Florida Dep’t of Labor & Employment Sec., 568 So.2d 1319 (Fla. 2d DCA 1990) (determining position offered unsuitable where it required a 15-mile late-hour commute for a 58-year-old claimant with an unreliable car); Tannariello v. Fed’n of Pub. Employees, 437 So.2d 799 (Fla. 4th DCA 1983) (concluding that good cause for terminating employment existed where employee was required to work alone in a vacant building in a dangerous neighborhood). Under the circumstances herein, Gibson’s concern for her health was a sufficient basis to find the work offered unsuitable. We, therefore, reverse and remand with instructions to qualify appellant for benefits for the specified period.
Reversed and remanded.

. Gibson was unable to maintain her car after her suspension.