491 So.2d 1189 (1986)
Sharon A. TERJESEN, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 85-2713.
District Court of Appeal of Florida, Third District.
July 15, 1986.
Sharon A. Terjesen, in pro. per.
John D. Maher, Tallahassee, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
BARKDULL, Judge.
The appellant was employed as a bank teller by the appellee, Executive National Bank. Her employment was continuous from 1981 until April 26, 1985, when she was discharged for validating receipt of a night deposit without verifying that the *1190 amount of cash listed on the receipt was actually included in the deposit. The offense occurred on April 17, 1985, and involved a $500 cash deposit. As a result of said discharge the appellant applied for unemployment benefits which were granted by the claims examiner. Timely appeal was taken to an appeals referee who took testimony that showed the appellant had been guilty of several other infractions just prior to discharge which are as follows:
January 18, 1985, acceptance of an excessive amount of counterfeit money.
February 13, 1985, acceptance of a shipment of cash from Wells Fargo which was short $200 in nickels.
February 14, 1985, failure to date bait money.
February 21, 1985, allowing a savings deposit withdrawal bearing an unauthorized signature.
The appeals referee found the appellant's acts were careless but were insufficient to constitute misconduct within the meaning of Sec. 443.036(24), Fla. Stat. (1984 Supp.). Therefore, he awarded her unemployment compensation benefits. Timely appeal was taken to the Florida Unemployment Appeals Commission which reversed the appeals referee holding the appellant's acts constituted misconduct disqualifying the appellant from benefits.
The mishandling of funds has been held to be misconduct warranting the denial of unemployment benefits. See Lundy's Market, Inc. v. Florida Department of Commerce, Division of Employment Security, 373 So.2d 433 (Fla. 3d DCA 1979).
Therefore, the order appealed is affirmed.
Affirmed.
NESBITT, J., concurs.
HUBBART, Judge (dissenting).
I must respectfully dissent. Although the Executive National Bank was fully justified in discharging the claimant herein for several acts of carelessness, I agree with the appeals referee and the dissenting commissioner of the Florida Unemployment Appeals Commission in this case that these acts of carelessness do not constitute misconduct as defined by Section 443.036(24), Florida Statutes (1985), so as to disentitle the claimant to unemployment benefits under Section 443.101(1)(a), Florida Statutes (1985). The appeals referee correctly analyzed the case as follows:
"The law provides that an individual who has been discharged for misconduct connected with the work shall be disqualified from receiving benefits. `Misconduct connected with work' means conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has a right to expect of its employee; or carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The record in this case shows that the claimant was discharged by the employer on April 26, 1985, for her carelessness in failing to note the listing of $500 cash on a deposit ticket and bringing to the manager's attention the fact that there was no cash presented with the deposit. The courts have held that mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances or good faith errors in judgment or discretion are not to be deemed `misconduct' within the meaning of the law. The courts have acknowledged that simple carelessness, negligence and poor work performance will inevitably occur from time to time in the work place. Such infractions may very well justify an employer's decision to terminate an employee's services; however, in order to deny unemployment compensation benefits to such a discharged worker, the law requires proof by a preponderance of the evidence that the worker's carelessness or negligence *1191 manifested culpability, wrongful intent or evil design. Although the claimant was careless in her oversight of the cash deposit, her carelessness was not so blatant or wanton as to rise to the level of culpability required in showing misconduct. The employer acknowledged that shortages are a common occurrence among bank tellers. The claimant's previous warnings were for carelessness but were not given for errors similar to that for which the claimant was discharged. The claimant explained that whenever she was shown to have been in error or careless, she made a concerted effort to prevent the error from occurring again. The referee does not find the intent required for misconduct here. Accordingly, it is held that the claimant was discharged but not for misconduct connected with her work."
See Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
I would, accordingly, reverse the 2-1 decision of the Florida Unemployment Appeals Commission and reinstate the decision of the appeals referee which affirmed the claims examiner's award of unemployment benefits to the claimant.