616 So.2d 1196 (1993)
Vanessa L. GADSDEN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Handy Food Stores, Inc., Appellees.
No. 92-02103.
District Court of Appeal of Florida, Second District.
April 21, 1993.
Douglas L. Wilson, Immokalee, for appellant.
William T. Moore, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
PARKER, Judge.
Vanessa Gadsden appeals the order of the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee that Gadsden was discharged lawfully for misconduct. We reverse and direct UAC to award Gadsden benefits.[1]
The uncontroverted facts in this case are that on February 3, 1991, Gadsden, an assistant manager for Handy Food Stores, informed her supervisor, Elizabeth Valdez, that her father who had a brain tumor was being released from the hospital and that she would need "a week or two off" to care for him. Valdez approved the leave of absence for one week and told Gadsden to let her know if she would need the additional week, and Valdez would check with the other employees to see if they could cover for Gadsden the second week. Valdez checked with the other employees, and she testified that they would cover for Gadsden.
Valdez prepared her employee work schedules one to two weeks in advance. Valdez scheduled Gadsden to return on February 10, 1991, because she was not sure whether or not Gadsden would need the second week. Gadsden did not have a car that was working, nor did she have a telephone at home. In order for her to call the store, she had to wait until someone could care for her father before she could *1197 go to a nearby telephone to call Valdez. Valdez instructed one of the employees at the store to tell Gadsden, if she called in, that Valdez needed to talk to her about the second week. Gadsden called the store several times, but always missed Valdez. Although Gadsden was never able to speak personally with Valdez, Gadsden did tell an employee that she would need the additional week. Gadsden also asked one of the employees to check the posted schedule to see when she was to return. The employee indicated that Gadsden was scheduled to return February 16, 1991.
Later that day, Gadsden came to the store and confirmed that she was scheduled to return to work on Saturday, February 16th, and that she was not on the schedule for the second week. On Wednesday, February 13th, Gadsden went to the store to get her pay check and at that time Valdez told her that she had been fired. When Gadsden asked why, Valdez told her to call the area supervisor. The supervisor approved Gadsden's termination citing job abandonment.
The appeals referee found that Gadsden committed a willful or intentional act in derogation of the employer's interests by failing to contact Valdez personally. We conclude that this finding is not supported by the evidence. Although the appeals referee applied "misconduct" under section 443.036(26)(a), Florida Statutes (1991),[2] we conclude that the proper statute to apply to these facts is section 443.101(1)(a), Florida Statutes (1991).[3] This court has held that an employee who was discharged for unauthorized absence is not guilty of misconduct if the absence was justified by a family emergency, and that the family emergency would have impelled a reasonable person to act as the employee did. Dean v. Florida Unemployment Appeals Comm'n, 598 So.2d 100, 101 (Fla. 2d DCA), review denied, 605 So.2d 1268 (Fla. 1992).
The employer argues that Dean does not apply because the issue is that Gadsden failed to get approval for the extended leave. Even if section 443.036(26), Florida Statutes (1991) is applied to these facts, Gadsden's conduct would not be considered misconduct. This employer was aware of the fact that Gadsden might need the additional week and had made arrangements for her possible absence. While it may have been poor judgment on Gadsden's part to rely on a third party to relay messages, the employer cannot complain when in fact the employer also relied on a third party to relay a message to Gadsden. See Tucker v. Florida Dept. of Commerce, 366 So.2d 845, 847 (Fla. 1st DCA 1979) (failure of employee to keep employer personally informed of circumstances and relying on third party did not amount to misconduct justifying denial of benefits); Fredericks v. Florida Dept. of Commerce, Industrial Relations Comm'n, 323 So.2d 286, 288 (Fla. 2d DCA 1975) (employee's failure to make sure employer was aware of his situation was not misconduct which would disqualify him from receiving benefits when he made an effort to contact employer). Accordingly, Gadsden's conduct would not be considered misconduct justifying denial of benefits.
*1198 Reversed and remanded with directions to the appeals referee to award benefits to Gadsden.
FRANK, A.C.J., and BLUE, J., concur.
NOTES
[1] Although we agree with Gadsden's second issue that the appeals referee abused her discretion by not permitting Gadsden to have a continuance of the hearing until her witnesses could have been served, that issue becomes moot upon this court's resolution of the case in favor of Gadsden.
[2] Section 443.036(26)(a), Florida Statutes (1991) provides:

(26) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
[3] Section 443.101(1)(a), Florida Statutes (1991) provides:

443.101 Disqualification for benefits.  An individual shall be disqualified for benefits:
(1)(a) For the week in which he has voluntarily left his work without good cause attributable to his employing unit or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division.