644 So.2d 552 (1994)
Donna L. SULUKI, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 93-1164.
District Court of Appeal of Florida, Fifth District.
October 7, 1994.
Rehearing Denied November 9, 1994.
*553 Donna L. Suluki, pro se.
Harry L. Lamb, of Perry & Lamb, P.A., Orlando, for appellant.
William T. Moore, Tallahassee for appellee.
THOMPSON, Judge.
Donna L. Suluki ("Suluki") timely appeals a final administrative order of the Unemployment Appeals Commission ("UAC") which affirmed a referee's determination that Suluki had been discharged for the misconduct of using profanity in expressing a disagreement with her supervisor and was therefore disqualified from receiving benefits. Suluki timely appeals.[1] We affirm.
Suluki worked for Mack and Associates as a telephone solicitor who set up appointments for Mack's sales representatives to do home demonstrations of Mack's products. On Suluki's last day of work, Mack's president spoke to Suluki about complaints that Suluki was turning in appointment slips and earning money on appointments that had not actually been set. Suluki began to curse the president saying she did not falsify appointments. Suluki used profanity including: bullshit, damn, and the "F" word. There were two new women in training who were in the room while this confrontation was occurring. The president told Suluki to get out of her office. The president said she never used the word "fired" and thought Suluki had quit.
Suluki filed a claim for benefits with the Florida Division of Unemployment Compensation. Suluki alleged that she had been fired for missing a day of work due to car problems. The division of Unemployment Compensation issued its Notice of Determination finding that Suluki was eligible for benefits because she was discharged for her poor attitude, which is a reason other than misconduct connected with work. Mack appealed this determination and a hearing was set.
At the hearing, the referee determined that the only issue for consideration was the reason for job separation and the chargeability based on that reason. The referee reversed the decision of the claims examiner and determined that Suluki had been discharged for the misconduct[2] of using profanity in expressing a disagreement with her supervisor and was, therefore, disqualified from receiving benefits. The UAC affirmed this determination.
We affirm the final administrative order of the UAC. Suluki openly, vulgarly and loudly cursed the company president and undermined her authority in front of other employees, including two new employees in training. The president was questioning Suluki regarding the confirmed claims that she was falsifying appointment slips and there was no provocation for Suluki's behavior. Her behavior could only serve to undermine the orderly respect due the company president. This case is factually similar to Stahl *554 v. Fla. Unemployment Appeals Comm'n, 502 So.2d 78 (Fla. 3d DCA 1987). In Stahl, a claimant who had been discharged for shouting obscenities to her supervisor was denied unemployment compensation benefits.
A referee's determination of misconduct must be affirmed if supported by competent substantial evidence. Hines v. Dep't of Labor & Employment Sec., 455 So.2d 1104 (Fla. 3d DCA 1984) (the question of whether an employee has been discharged for misconduct is a matter to be determined by the division and the reviewing court lacks authority to interfere with an administrative decision which is based upon an acceptable view of the evidence below). We find there was competent substantial evidence to support the referee's determination. Neither the rule of liberal construction, nor the declaration of public policy, nor the specific provisions of the statute suggest that the legislature intended to provide public assistance to persons discharged from employment for misconduct connected with work. Sections 443.021, 443.031, Fla. Stat. (1993).
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] This order is appealable under Florida Rules of Appellate Procedure 9.030(b)(1)(C).
[2] Section 443.036(26) of the Florida Statutes defines misconduct as follows:

MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of [an] employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to [the] employer.
§ 443.036(26), Fla. Stat. (1993).