653 So.2d 470 (1995)
Maria O. MENENDEZ, Appellant,
v.
RIVER ORCHIDS INVESTMENT CORPORATION and Florida Unemployment Appeals Commission, Appellees.
No. 94-2184.
District Court of Appeal of Florida, Third District.
April 12, 1995.
*471 Maria O. Menendez, in pro. per.
John D. Maher and William T. Moore, Tallahassee, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
GODERICH, Judge.
The claimant, Maria O. Menendez, appeals from a final order of the Unemployment Appeals Commission [UAC] affirming the appeals referee's denial of unemployment benefits. We reverse.
The appeals referee below made the following findings of fact: The claimant was employed as a room attendant by the Sheraton River House Hotel since September 1985. The hotel had rules of attendance for its employees. If an employee was going to be absent from work, the hotel required her to notify the hotel of her absence prior to the beginning of her assigned hours of work so that the absence did not disrupt the work schedule.
Months before the incident occurred that led to the claimant's discharge, the claimant spoke with her supervisor, the hotel's executive housekeeper, and told her that her daughter was pregnant. The claimant asked for three weeks of vacation so that when her daughter gave birth, she could assist her with her six-year-old son and the newborn. The executive housekeeper agreed to accommodate the claimant's vacation request. On May 1, 1994, the claimant called the hotel and spoke with the executive housekeeper's assistant. The claimant told the assistant that her daughter had given birth and that she would be absent from work so that she could care for her daughter and her grandchildren. The assistant told her to contact the executive housekeeper directly. The claimant was absent from work for three days: May 2nd, May 4th, and May 5th. Although the claimant was scheduled to start work at 8:00 A.M., on May 5th, she did not call the executive housekeeper until noon that day. When the claimant called, she told the executive housekeeper that she had forgotten to call her regarding her absences. On May 6th, as a result of the claimant's failure to properly notify the hotel of her absences, she was discharged.
On the basis of these factual findings, the appeals referee concluded that the claimant should be disqualified from receiving unemployment benefits because she was properly discharged from employment for misconduct connected with work. § 443.101(1)(a)(2), Fla. Stat. (1993). The claimant timely appealed the referee's decision to the UAC. Subsequently, the UAC entered an order affirming the appeals referee's decision. This appeal follows.
The claimant contends that her acts did not constitute misconduct in connection with work within the meaning of the unemployment compensation statute[1] and that the UAC's adoption of the appeals referee's denial of unemployment benefits was clearly erroneous. We agree.
A review of the record shows that the claimant's absence, without notice to the employer, was an isolated incident on an otherwise spotless employment record of nine years. Lamb v. Unemployment Appeals Comm'n, 424 So.2d 197 (Fla. 5th DCA 1983). Additionally, the employer knew that the claimant was going to take three weeks of vacation for the birth of her grandchild, and the only question was when it would commence. Gadsden v. Florida Unemployment Appeals Comm'n, 616 So.2d 1196, 1197 (Fla. 2d DCA 1993). Admittedly, the claimant *472 probably should not have relied on the supervisor's assistant to relay the message, regarding her absence, to the supervisor. Gadsden, 616 So.2d at 1197. However, we find, as a matter of law, that the claimant's conduct does not amount to a willful or wanton disregard for her employer's standards of behavior and that this isolated absence does not rise to the level of misconduct necessary for a denial of benefits. Lamb, 424 So.2d at 197-98.
The order of the UAC affirming the appeals referee's denial of unemployment benefits is reversed, and the case is remanded with directions for the UAC to award the claimant full benefits.
NOTES
[1] The Florida Unemployment Compensation Statute defines "misconduct" as follows:

MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer had the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1993).