845 So.2d 347 (2003)
Walter R. BIVENS, Appellant,
v.
TRUGREEN LP and Unemployment Appeals Commission, Appellees.
No. 2D02-1235.
District Court of Appeal of Florida, Second District.
May 23, 2003.
Walter R. Bivens, pro se.
Kenneth L. Olsen of The Law Firm of Kenneth L. Olsen, Tampa, for Appellee Trugreen LP.
Geri Atkinson-Hazelton, General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.
ALTENBERND, Chief Judge.
Walter R. Bivens appeals an order of the Unemployment Appeals Commission affirming an appeals referee's decision that Mr. Bivens was disqualified from receiving unemployment benefits due to misconduct. Because the appeals referee's findings of fact do not support a legal conclusion that Mr. Bivens engaged in misconduct as defined by the unemployment compensation statute so as to deprive Mr. Bivens of unemployment benefits, we reverse.
*348 Mr. Bivens was employed as a telemarketing sales representative with Trugreen Limited Partnership (Trugreen) beginning in December 2000. On August 29, 2001, Mr. Bivens argued with his immediate supervisor. According to the appeals referee's findings of fact, Mr. Bivens informed his supervisor that he had a headache and was going home. The supervisor agreed that Mr. Bivens should leave. As Mr. Bivens left, the supervisor told Mr. Bivens that he should consider whether he wanted to continue his employment with Trugreen. Approximately five to ten minutes after Mr. Bivens left, Mr. Bivens called the supervisor and left a message on the supervisor's voice mail. At the hearing before the appeals referee, both the supervisor and Mr. Bivens testified that Mr. Bivens' voice mail message contained the term "f_____g bull___t," referring either to the company or the quality of the work provided to him, and Mr. Bivens admitted that he also referred to the employees as "working their a___s off" for the company. Based upon this voice mail, Trugreen terminated Mr. Bivens' employment the next day.
At the hearing before the appeals referee, the employer presented additional evidence that Mr. Bivens had previously received verbal warnings for "negative behavior" on "probably two or three" occasions and that, on the night in question, Mr. Bivens had made "very negative comments" on the sales floor in front of other employees. The supervisor could only recall one specific statement, however, that Mr. Bivens said he "wasn't getting any dn good material." There was no other evidence of wrongdoing on Mr. Bivens' part.
Section 443.036(29)(a), Florida Statutes (2001), defines "misconduct" to include "conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee." In determining whether misconduct has occurred that would disqualify a claimant from receiving unemployment benefits, this statute must be liberally construed in favor of the claimant. Cullen v. Neighborly Senior Servs., Inc., 775 So.2d 392, 393 (Fla. 2d DCA 2000). A single incident of poor judgment or loss of self-control is not "misconduct" under the statute. Donnell v. Univ. Cmty. Hosp., 705 So.2d 1031, 1032 (Fla. 2d DCA 1998). Moreover, misbehavior serious enough to warrant an employee's dismissal is not necessarily serious enough to warrant the forfeiture of unemployment compensation benefits. Frazier v. Home Shopping Club, LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001).
In this case, the findings made by the appeals referee do not support the legal conclusion that Mr. Bivens engaged in misconduct as defined by section 443.036(29)(a). See Donnell, 705 So.2d 1031 (reversing denial of benefits based on misconduct where claimant failed to follow recently changed policy regarding garbage can liners, engaged in loud argument in hallway with supervisor when confronted with noncompliance, and initially refused supervisor's command to go to his office); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992) (reversing denial of benefits based on misconduct when claimant engaged in telephone argument with branch manager during which she used profanity when referring to manager); Johnson v. Fla. Unemployment Appeals Comm'n, 513 So.2d 1098 (Fla. 3d DCA 1987) (reversing denial of benefits based upon misconduct where claimant used profanity during conversation in private office with supervisor). The profanity used by Mr. Bivens occurred on voice mail, outside the presence of either the supervisor or his coemployees. Compare Wrightington v. Unemployment Appeals Comm'n, 833 *349 So.2d 202 (Fla. 5th DCA 2002) (reversing denial of benefits based on misconduct where claimant's vulgar and abusive language toward chief executive officer was isolated incident occurring in confines of private office), with Suluki v. Unemployment Appeals Comm'n, 644 So.2d 552 (Fla. 5th DCA 1994) (affirming denial of benefits based on misconduct when claimant cursed at the president of the employer in the presence of two new trainees). Mr. Bivens' loss of control on this occasion was an isolated incident. The only profanity he used on the sales floor was the word "dn," which was not directed at any person in particular but instead used to express general frustration. The profanity was not used in the presence of customers, clients, or children, and the record does not suggest that the employer had any rigid rule prohibiting employee profanity in this context. In his voice mail message to the supervisor, available only to the supervisor himself, Mr. Bivens did not use the profanities to call his supervisor names, but instead used them to refer to the work in general.
Although we do not condone Mr. Bivens' behavior and we recognize that an employer may have reasonably considered it a sufficient basis to terminate him, the behavior did not rise (or sink) to the level of "misconduct" required to deny Mr. Bivens unemployment benefits. We therefore reverse the order of the Unemployment Appeals Commission affirming the appeals referee's denial of benefits and remand with directions to award Mr. Bivens benefits.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., concur.