865 So.2d 690 (2004)
Christina PEADEN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 5D02-3233.
District Court of Appeal of Florida, Fifth District.
February 20, 2004.
Christina Peaden, Orlando, pro se.
Kevin W. Shaughnessy and Gary D. Wilson, of Akerman Senterfitt, Orlando, for Appellee City Cab Co. of Orlando, Inc.
No Appearance for Appellee Unemployment Appeals Commission.
SHARP, W., J.
Peaden appeals from a final order of the Unemployment Appeals Commission which upheld the determination by the appeal referee that she was discharged for misconduct and that she is therefore disqualified from receiving unemployment benefits. We affirm.
Although there were conflicts in the evidence as to whether Peaden had failed to follow the "proper chain of command" in not reporting a potentially dangerous driver working for her employer, the City Cab Company of Orlando, and the extent to which Peadon became abusive and used foul language to address her supervisors in the presence of other employees, the findings of the appeal referee are conclusive, in this case, because they are supported by competent substantial evidence. See Jackson v. Unemployment Appeals Commission, 730 So.2d 719 (Fla. 5th DCA 1999); Scholastic Book Fairs, Inc. Great American Div. v. Unemployment Appeals Commission, 671 So.2d 287 (Fla. 5th DCA 1996). The referee found that Peaden used profanity toward her supervisors during a counseling session and called one supervisor a vulgar name in front of other employees.
Should this conduct be sufficient to disqualify Peaden from receiving unemployment benefits under section 443.101(1)(a), Florida Statutes (2003), which bars recovery of benefits for employees discharged for misconduct? Misconduct is defined, among other things, as: "conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee."[1]
An isolated instance of an employee's using vulgar language, not in the presence of others, or not directed at a supervising employee, may be insufficient. See, e.g., Bivens v. Trugreen LP, 845 So.2d 347 *691 (Fla. 2d DCA 2003); Wrightington v. Unemployment Appeals Commission, 833 So.2d 202 (Fla. 5th DCA 2002). However, vulgarity directed towards a supervisor, in the presence of other employees, is sufficient to constitute misconduct under the statute. See, e.g., Davis v. Unemployment Appeals Commission, 715 So.2d 1157 (Fla. 5th DCA 1998); Suluki v. Unemployment Appeals Commission, 644 So.2d 552 (Fla. 5th DCA 1994). Such behavior tends to undermine the authority and respect for the employer, supervisor, or leader of an organization, and its overall morale, to such an extent that it cannot be tolerated like mutiny on the high seas. Discharge or termination should be expected and it is serious enough to disqualify a fired employee from receiving unemployment compensation.
AFFIRMED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] § 443.036(29), Fla. Stat. (2003).