883 So.2d 899 (2004)
Ernesto MONCALEANO, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS, etc., et al., Appellees.
No. 3D03-718.
District Court of Appeal of Florida, Third District.
October 6, 2004.
Ernesto Moncaleano, in proper person.
John D. Maher, for appellees.
Before COPE, GODERICH, and SHEPHERD, JJ.
SHEPHERD, J.
We are confronted here with a claimant seeking unemployment compensation benefits after violating his hotel-employers policy by secretly smoking in non-designated areas and eating food and beverage created for guest use. We affirm the decision of the Unemployment Appeals Commission which found no error with the findings of the Appeals Referee.
In this case, the claimant, Ernesto Moncaleano, was a hotel banquet waiter. The hotel had policies barring employee *900 use of guest items without permission from hotel authority, as well as smoking in non-designated areas and the taking of unauthorized breaks. The hotel strictly prohibited employees from taking food items created for guest use, and even accommodated employees needs by providing an employees cafeteria. The claimant concedes that group meetings were held, and handbooks distributed in which he was made aware of these policies.
The claimants first warning came in 1994 as a result of smoking in a non-designated area. The claimant was again apprised of hotel policy in March 2002, when he was caught eating food designated for hotel guests. As a consequence of claimants conduct, he was suspended for two days. Three months later, a supervisor found the claimant taking an unauthorized break in a nearby stairwell. A soiree from that evening was winding down, and the claimant made for himself a cola in a high ball glass from the party. He was sitting on a guest towel, with the cola in one hand and an unlit cigarette in the other. He was told to go home by his supervisor, and was subsequently fired.
In his defense, the claimant explained to the Appeals Referee that he had neither sipped the cola nor inhaled the cigarette braced between his fingers. The claimant maintained that he was an incidental beneficiary of a soft guest towel left in the stairwell for days by an unknown factor. He also tried absolution by pointing to other waiters with whom he had previously congregated in the dark recesses of the hotel, taking cigarette breaks in violation of known company policy. The claimant believed he was being singled out, but could not name one single employee who had not been discharged as a result of the same conduct. The Appeals Referee found that the claimant was discharged due to misconduct, and denied him unemployment compensation benefits. The Unemployment Appeals Commission affirmed the ruling. This appeal follows.
Moncaleano's "consistent refusal to abide by his employers appropriate instructions was properly found in deliberate violation or disregard of standards of behavior which the employer had the right to expect ...'" Zorrilla v. Florida Unemployment Appeals Comm'n, 645 So.2d 1078 (Fla. 3d DCA 1994), citing § 443.036(26), Fla. Stat. (1993). This court has held that failure to follow the requests and admonitions of immediate supervisors is a legitimate basis for discharge on the basis of misconduct. Bozzo v. Safelite Glass Corp., 654 So.2d 1042 (Fla. 3d DCA 1995). See also Rubido v. Brinks, Inc., 601 So.2d 1298 (Fla. 3d DCA 1992) (deliberate violation of company rules deemed misconduct). In this case, the claimants actions were clearly more than an isolated incident of poor judgment. In fact, Moncaleanos case can be distinguished by his running history of repeated warnings, as opposed to the cases for first-time, usually trivial violation of company policy. Zorrilla, 645 So.2d at 1078. Claimant admits that he was aware of the hotels policy on non-designated-area smoking and consuming guest food and beverages. Claimant admits that he was previously warned about the cigarettes and placed on a two-day suspension regarding the ingestion of an hors doeuvre. Despite said notice, the claimant bypassed hotel policy by making his next violation more spectacular than his last. And, if these three instances were not enough, claimant certainly does not help his cause by admitting to the Appeals Referee that he and other waiters would, on occasion, abuse the employers policies by fraternizing and smoking in the stairwell. His protest that he "neither sipped nor inhaled," but was just pondering options while resting on a conveniently found guest towel, are hardly the ruminations of one guilty of a thoughtless *901 mishap. Moncaleano's confessions prove that he was familiar with the expectations of his employer, yet he knowingly disregarded same.
Unemployment Appeals Commission decisions are entitled to a presumption of correctness on appeal and will not be disturbed if supported by competent, substantial evidence. See Garcia v. Florida Unemployment Appeals Comm'n, 872 So.2d 966, 969 (Fla. 3d DCA 2004); Nisbet v. Publix Super Markets, Inc., 769 So.2d 1120, 1121 (Fla. 2d DCA 2000). "In reviewing whether the record contains substantial competent evidence to support the appeals referee's findings, the District Court of Appeal cannot make determinations as to credibility or substitute its judgment for that of the referee.... Thus, the appeals referee's decision must be upheld where there is substantial competent evidence to support it." Szniatkiewicz v. Unemployment Appeals Comm'n, 864 So.2d 498, 502 (Fla. 4th DCA 2004); San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93, 95 (Fla. 4th DCA 1998). We find that there is substantial competent evidence to support the decision of the Unemployment Appeals Commission. See Florida Industrial Commission v. Nordin, 101 So.2d 890, 891 (Fla. 1st DCA 1958).
Affirmed.
COPE, J., concurs.
GODERICH, J. (dissenting).
I respectfully dissent.
The employer hired the claimant in May of 1993 to work as a hotel banquet waiter. In June 1994, the claimant was issued a warning for smoking in a non-designated area. In March 2002, the claimant was reprimanded for eating food that was designated for the use of guestsone hors' d'oeuvre.
On June 1, 2002, the claimant was serving at a high school function. As the event was winding down, a hotel supervisor found the claimant in a stairwell with an unlit cigarette and a soda. Moreover, the claimant was sitting on a hotel guest towel.[1] The claimant was later discharged for this incident.
After he was discharged, the claimant filed for unemployment compensation benefits. The appeals referee found that the claimant was disqualified from receiving benefits because he was discharged for misconduct connected with work as defined in section 443.036(29), Florida Statutes (2002). The Unemployment Appeals Commission [UAC] affirmed the decision of the appeals referee. The claimant filed this timely appeal.
"In determining whether misconduct has occurred, the statute should be liberally construed in favor of the claimant." Crosby v. Unemployment Appeals Comm'n, 711 So.2d 260, 262 (Fla. 5th DCA 1998) (citations omitted); accord Bivens v. Trugreen LP, 845 So.2d 347 (Fla. 2d DCA 2003). Moreover, "[m]isconduct serious enough to warrant an employee's dismissal is not necessarily serious enough to warrant the forfeiture of compensation benefits." Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992); accord Yost v. Unemployment Appeals Comm'n, 848 So.2d 1235 (Fla. 2d DCA 2003); Bivens; Rodriguez v. Svinga Bros. Corp., 802 So.2d 455 (Fla. 3d DCA 2001).
In contrast to the majority, when considering whether the claimant's conduct constitutes misconduct connected with work, I would not place any emphasis whatsoever *902 on the 1994 cigarette smoking incident that took place approximately eight years prior to the incident for which he was discharged. Although the claimant had been given a warning about smoking in a non-designated area eight years earlier, the prior smoking incident "is too remote in time" to elevate the second smoking incident "into more than an isolated occurrence for this longtime, well-regarded employee." Jackson v. Unemployment Appeals Commission, 730 So.2d 719 (Fla. 5th DCA 1999)("Even though [claimant] had been given a warning about fighting nine years earlier, the prior incident is too remote in time to elevate the second fight into more than an isolated occurrence for this longtime, well-regarded employee."). Therefore, when determining whether the claimant's conduct constitutes misconduct connected with work, the 1994 incident cannot be considered.
Following the 1994 incident, the claimant's employment record was flawless until reprimanded in March of 2002, for eating, out of the sight of hotel guests, a single hors' d'oeuvre that had fallen from a tray. Thereafter, in June 2003, the claimant was discharged because he was found in a stairwell with an unlit cigarette and a soda.
When taking these incidents into account, I do not believe that the claimant's conduct constitutes misconduct connected with work. The March 2002 incident was, in my opinion, trivialeating a single hors' d'oeuvre that had fallen from a tray. The June 2002 incident, when looked at in light of the fact that the claimant had worked for several hours straight without taking a break and that the claimant's actions in no way interfered with the high school event, was not serious enough to disqualify the claimant from receiving benefits, although possibly serious enough to warrant his dismissal. Accordingly, I would reverse the order of the UAC.
NOTES
[1] The claimant testified that he found the towel in the stairwell and there was no evidence presented that contradicted this testimony.