899 So.2d 390 (2005)
Walter U. ROSAS, Appellant,
v.
REMINGTON HOSPITALITY, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 3D04-220.
District Court of Appeal of Florida, Third District.
March 30, 2005.
William U. Rosas, in proper person.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
*391 Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
We reverse a final order of the Unemployment Appeals Commission [UAC] disqualifying the claimant, Walter U. Rosas, from receiving unemployment benefits based on misconduct connected with work.
The appeals referee below made the following findings of fact: On August 30, 2001, the claimant became employed by Remington Hospitality, Inc. as chief engineer of a hotel. As part of his employment, the claimant received an employment handbook, which stated that he may be discharged without prior warning for wrongful misconduct, including but not limited to, "[i]nsubordination or failure to carry out a job request of management" and "[g]iving false information or refusing to give testimony when accidents or other incidents are being investigated."
On August 15, 2003, the hotel discovered that $196 in cash was missing. The human resources manager asked the claimant about the missing $196, but the claimant informed the manager that he did not know what happened to the cash. That same day, the human resources manager also interviewed another hotel employee about the missing cash. A few days later, the manager again asked the claimant to come to the office to conduct further investigation on the missing cash. The claimant informed the manager that he would not go to the office and that he would not answer any questions. As a result, both the general manager and the human resources manager suspended the claimant and subsequently discharged him for insubordination and refusal to cooperate with the investigation.
The appeals referee denied the claimant unemployment benefits based on a determination that the claimant was properly discharged for misconduct connected with work. § 443.101(1)(a)(2), Fla. Stat. (2003). The claimant timely appealed the referee's decision to the UAC. The UAC entered an order affirming the appeals referee's decision. The claimant's appeal follows.
The claimant contends that his acts did not constitute misconduct in connection with work within the meaning of section 443.036(29), Florida Statutes (2003).[1] We agree.
The claimant's refusal to continue to answer questions in the investigation of the $196 missing cash was an isolated incident. Although the claimant probably should not have refused to answer questions pertaining to the investigation, we find, as a matter of law, that the claimant's conduct was an isolated incident that did not amount to the level of misconduct necessary for a denial of benefits. An isolated incident, such as an employee's failure to follow policies and rules, is generally not considered misconduct, and an employer's grounds for terminating employment is a separate issue from the disqualification criteria set out in the unemployment compensation statute. Anderson v. Unemployment Appeals Comm'n, 822 So.2d 563 (Fla. *392 5th DCA 2002); Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089 (Fla. 5th DCA 1995); Menendez v. River Orchids Inv. Corp., 653 So.2d 470 (Fla. 3d DCA 1995).
Accordingly, we reverse the Unemployment Appeals Commission's order denying unemployment benefits to the claimant.
Reversed.
NOTES
[1] "Misconduct" is defined in section 443.036(29), Florida Statutes (2003):

(29) "Misconduct" includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.