920 So.2d 772 (2006)
Miguel A. DEL PINO, Appellant,
v.
ARROW AIR INCORPORATED, and Florida Unemployment Appeals Commission, Appellees.
No. 3D05-2274.
District Court of Appeal of Florida, Third District.
February 15, 2006.
Miguel A. Del Pino, in proper person.
John D. Maher (Tallahassee), Unemployment Appeals Commission, for appellees.
Before COPE, C.J., and GERSTEN and CORTIÑAS, JJ.
CORTIÑAS, Judge.
We reverse a final order of the Unemployment Appeals Commission [UAC] disqualifying the claimant, Miguel Del Pino, from receiving unemployment benefits based on misconduct connected with work.
The appeals referee found that the claimant was not entitled to receive unemployment benefits due to "misconduct" as that term is understood under unemployment compensation law.
*773 The claimant worked for Arrow Air, Inc. as an import dispatch clerk from July 22, 2003 to April 8, 2005. On April 6, 2005, the claimant was asked to enter certain information into the company's computer system. The claimant testified that, due to renovations of the work premises, there was only one computer available for inputting the requested information and that this computer was assigned to another employee, thereby restricting the claimant's use of the computer. Because the information was not inputted in the computer system, the claimant's supervisor prepared a written warning, which included a two-day suspension of the claimant. The claimant asked to appeal the warning to the company's human resources personnel. When the claimant refused to sign the warning, he was immediately terminated.
The appeals referee denied the claimant unemployment benefits based on a determination that the claimant was properly discharged for misconduct connected with work. § 443.101(1)(a)(2), Fla. Stat. (2005). The claimant timely appealed the referee's decision to the UAC. The UAC entered an order affirming the appeals referee's decision. The claimant's appeal follows.
The claimant contends that his acts did not constitute misconduct in connection with work within the meaning of section 443.036(29), Florida Statutes (2003).[1] We agree.
This case is distinguishable from our holding in Moncaleano v. Florida Unemployment Appeals, 883 So.2d 899 (Fla. 3d DCA 2004), where the claimant had received two (2) prior warnings before the misconduct for which he was terminated. Here, Mr. Del Pino would not have been terminated but for the fact that he did not agree to sign the employer's warning. When Del Pino refused to sign the warning, the employer responded by firing him and converting the sole warning into a termination. Under these circumstances, the employee's actions did not rise to the level of misconduct that would result in denial of unemployment benefits.
This appeal more properly resembles cases dealing with an isolated incident, such as an employee's failure to follow policies and rules, which is not considered "misconduct" that would result in denial of unemployment benefits. Rosas v. Remington Hospitality, Inc., 899 So.2d 390 (Fla. 3d DCA 2005); Anderson v. Unemployment Appeals Comm'n, 822 So.2d 563 (Fla. 5th DCA 2002); Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089 (Fla. 5th DCA 1995); Menendez v. River Orchids Inv. Corp., 653 So.2d 470 (Fla. 3d DCA 1995).
Accordingly, we reverse the Unemployment Appeals Commission's order denying unemployment benefits to the claimant.
Reversed.
NOTES
[1] "Misconduct" is defined in section 443.036(29), Florida Statutes (2003):

(29) "Misconduct" includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.