SALTER, J.
 

 Maryanne Carson appeals a final order of the Florida Unemployment Appeals Commission affirming a referee’s decision that Ms. Carson was discharged for misconduct connected with her work and therefore denying unemployment benefits. We reverse and remand the case for the allowance of her claim against the employer and the payment of her benefits. In this case, the employer terminated the claimant for disagreeing with a “corrective action plan” and not for a so-called “obdurate or belligerent refusal to comply with a valid work order.”
 
 [1]
 

 The claimant’s initial review after a probationary period was quite favorable. A year after that review, but following significant budgetary reductions, “changes in program direction,” and resulting “organi
 
 *290
 
 zational changes” (including staff layoffs and the departure of the claimant’s prior supervisor), the claimant’s new supervisor prepared an unfavorable employee review and a “corrective action plan” to be implemented over the six weeks following the review. The claimant read these documents and wrote, “I do not agree to abide by this and signed under protest” next to her signature. She was asked to leave the room and was directed to sign another copy of the corrective action plan without a reservation of rights.
 

 In the interim, the claimant’s supervisor had consulted with the employer’s head of human resources, but the claimant was not afforded any rights of appeal or further discussion regarding the items in the corrective action plan. The supervisor testified that she would not negotiate regarding any aspect of the corrective action plan. When the claimant refused to sign the review and corrective action plan without a reservation of rights, she was told that this action was deemed a voluntary resignation and her employment was terminated.
 

 Not all conduct warranting the termination of an employee arises to the level of “misconduct” as defined by section 443.036(29), Florida Statutes (2007).
 
 [2]
 

 Davidson v. AAA Cooper Transp.,
 
 852 So.2d 398, 401 (Fla. 3d DCA 2003). The referee was obligated to construe the statute liberally in favor of the claimant. § 443.031, Fla. Stat. (2007);
 
 Davidson,
 
 852 So.2d at 400. In this case, as in
 
 Del Pino v. Arrow Air, Inc.,
 
 920 So.2d 772, 773 (Fla. 3d DCA 2006), a disagreement with proposed discipline or a corrective action plan is an “isolated incident,” and does not arise to the level of “misconduct” as defined by the statute. Noting disagreement and asking for further review of an immediate supervisor’s assessment is not “conduct demonstrating willful or wanton disregard of an employer’s interests,” or “a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee,” nor does it constitute “carelessness or negligence” of the degree detailed in section 443.036(29).
 

 The cases cited by the Commission
 
 in
 
 the final order are not on point. Those cases involve direct disobedience of reasonable work orders of supervisors, not disagreements regarding employment evaluations. Those citations include one case in which the claimant invited the employer (in the presence of other employees) to fire her,
 
 [3]
 
 and another in which the claimant directed profanity at a supervisor (also in the presence of other employees), akin to a “mutiny on the high seas.”
 
 [4]
 
 Suffice it to say that Ms. Carson was not involved in behavior even approaching those types of misconduct.
 

 Reversed and remanded for the allowance and payment of the appellant’s claim.
 

 [1]
 

 . This language was used in the Commission's final order, citing
 
 Hinson Electrical Contracting Co. v. Unemployment Appeals Commission,
 
 914 So.2d 1033 (Fla. 1st DCA 2005), and other decisions.
 

 [2]
 

 .Section 443.036(29), provides that "misconduct” includes, but is not limited to:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
 

 [3]
 

 .
 
 Bernhang v. Unemployment Appeals Comm’n,
 
 968 So.2d 673 (Fla. 4th DCA 2007).
 

 [4]
 

 .
 
 Peaden v. Unemployment Appeals Comm'n,
 
 865 So.2d 690 (Fla. 5th DCA 2004).