SALTER, J.
 

 Yasmary Gonzalez, a non-attorney representing herself, appeals an order of the Florida Unemployment Appeals Commission (FUAC) reversing a referee’s decision that had affirmed an initial determination by the Agency for Workforce Innovation granting Ms. Gonzalez unemployment benefits. We reverse, finding that the referee’s decision was based on competent substantial evidence (including extended testimony and documentary submissions) and a proper application of controlling law.
 

 Ms. Gonzalez was a five-year employee who received the employer’s “Award of Excellence” for her work in calendar year 2007 and was terminated in June 2008. She was ostensibly terminated for tardiness based on computer-based “punch in/ out times,” mistakes in recording certain data, and for sending an “insubordinate” email to her supervisor the day of her termination. The referee fairly concluded, however, that the supposed mistakes and tardiness in 2007 were after-the-fact matters inconsistent with the “Award of Excellence” conferred on Ms. Gonzalez for her work that year.
 

 The referee heard the testimony of Ms. Gonzalez and two supervisors. The referee reviewed both the computer report on “punch in/out times” — with every “tardy” entry back to 2007 marked to show even one minute of “tardiness.”
 
 [1]
 
 The referee also reviewed the supposed “mistakes” and the e-mail written to a supervisor on the day of the termination. The e-mail was plainly written in anger, but within it Ms.
 
 *935
 
 Gonzalez apologized for being late that morning, explained the reason, and offered to “talk regarding this issue.” The alleged insubordination in the e-mail argues that her two supervisors were not conforming to the timekeeping rules that applied to them. The referee could, and apparently did, view the e-mail and the related testimony as evidence of a garden-variety personality and management tiff rather than the statutory standard of “misconduct.”
 

 As we have frequently noted, not all conduct warranting termination of an employee arises to the level of statutory “misconduct.”
 
 See Carson v. Fla. Unemployment Appeals Comm’n,
 
 1 So.3d 289 (Fla. 3d DCA 2009). The referee’s assessment of such fact-intensive statutory elements as willfulness, wanton disregard, culpability, wrongful intent, evil design, or “intentional and substantial disregard” should not be disturbed by FUAC unless there is no competent substantial evidence upon which the referee’s decision might rest. Moreover, the referee was obligated by statute (as are FUAC and this Court) to construe that definition of misconduct liberally in favor of Ms. Gonzalez. § 443.031, Fla. Stat. (2008);
 
 Davidson v. AAA Cooper Transp.,
 
 852 So.2d 398, 401 (Fla. 3d DCA 2003).
 

 Reversed and remanded for the reinstatement of the referee’s decision upholding the Agency’s award of benefits to Ms. Gonzalez.
 

 [1]
 

 . The referee could view these reports with considerable skepticism, since the reports
 
 *935
 

 never
 
 show any clock-in earlier than 8:00 a.m. Since the employer only pays for time worked 8:00 a.m. to 4:30 p.m., its software is apparently programmed not to accept any clock-in before the start time. While we recognize that medical call centers depend on punctuality, these computer-generated records are designed to be employer-friendly and do not necessarily reflect the way a particular office operates as employees encounter traffic and public transportation delays, provide "makeup” time by arriving early another day, and otherwise carry out the work of the office. Ms. Gonzalez’s alleged tardiness in 2007 was plainly not a basis for termination, and the employer recognized her performance with its award in December 2007.