COPE, J.
 

 This is an appeal of an order of the Unemployment Appeals Commission, holding that Jerome P. Robinson is not entitled to unemployment benefits. We reverse.
 

 Claimant Robinson was employed as a painter by appellee Delta Painting, Inc. He was discharged by the employer and the appeals referee conducted a hearing. The referee’s factual findings stated:
 

 The claimant started working for the employer, a painting company, on June 22, 2007, as a painter apprentice. The claimant’s job duty was commercial painting.
 

 In May 2008, the claimant was placed on a 30 [day] performance improvement plan for his absences at work. On June 26, 2008, a review of the plan was conducted which reflected the claimant demonstrated considerable improvement. The claimant successfully completed the performance improvement plan. On July 17, 2008, the claimant received a final warning that the claimant would face termination if he was messy with his work. The claimant said he would clean up the mess; however the employer said there is no excuse. On July 21, 2008, the employer terminated the claimant because he was messy.
 

 The referee concluded that the claimant was entitled to benefits.
 

 The employer appealed to the Unemployment Appeals Commission. The Commission accepted the referee’s findings of fact, but rejected the referee’s conclusion that the claimant was entitled to benefits. The Commission ruled that the facts amounted to disqualifying misconduct. The claimant has appealed.
 

 The referee found that the claimant had been placed on a thirty-day performance improvement plan because of absences at work. The referee found as a fact that the claimant successfully completed the performance improvement plan. Accordingly, the prior absenteeism problems of the claimant must be disregarded for present purposes.
 

 According to the employer’s testimony, on July 17, 2008, the claimant dripped yellow oil-based paint over gray waterproofing which had been completed by another contractor. The employer stated that this caused additional time and expense to clean up. The supervisor issued a verbal warning that if this happened again, the claimant would be fired.
 

 The supervisor testified that on July 21, 2008, the claimant dripped paint on some finished pavers. He was discharged.
 

 
 *778
 
 The claimant in this case was an employee at will and the employer was entitled to terminate him if the employer so chose. The claimant would be entitled to unemployment benefits unless he was guilty of misconduct. Under the relevant part of the unemployment statute, misconduct includes “Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.” § 443.036(29)(b), Fla. Stat. (2008).
 

 The Commission takes the position that the employer in this case had ordered the claimant not to have any further paint drips. The Commission reasons that since there was a direct order, and the claimant was found to have dripped paint again, it follows that this is a deliberate disregard of a direct order which amounts to misconduct. We disagree.
 
 *
 

 The referee found that the charged conduct amounted to the claimant being “messy with his work.” This was, in other words, carelessness or negligence in the performance of the claimant’s duties. We do not think that two incidents of dripping paint amounts to carelessness of a sufficient degree or recurrence to manifest culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer’s interests or the employee’s duties. As this court has previously stated, misconduct serious enough to warrant dismissal is not necessarily sufficient to warrant forfeiture of unemployment compensation benefits.
 
 Davidson v. AAA Cooper Transp.,
 
 852 So.2d 398, 401 (Fla. 3d DCA 2003).
 

 The cases on which the Commission relies involve facts demonstrating considerably greater culpability than that which is involved in this case.
 
 See Moncaleano v. Fla. Unemployment Appeals Comm’n,
 
 883 So.2d 899 (Fla. 3d DCA 2004) (claimant violated policy a third time after having been previously warned and placed on suspension);
 
 Zorrilla v. L. Luria & Son, Inc.,
 
 645 So.2d 1078 (Fla. 3d DCA 1994) (claimant contumaciously refused to follow his supervisor’s instruction after repeatedly admonished to do so);
 
 Odom v. Unemployment Appeals Comm’n,
 
 586 So.2d 504 (Fla. 5th DCA 1991) (repeated large discrepancies in counting truck loads of merchandise after being given specific instructions after previous incidents of miscounting truck loads);
 
 Terjesen v. Unemployment Appeals Comm’n,
 
 491 So.2d 1189 (Fla. 3d DCA 1986) (five different incidents of mishandling funds held to be misconduct warranting denial of benefits);
 
 Alterman Transport Lines, Inc. v. Unemployment Appeals Comm’n,
 
 410 So.2d 568 (Fla. 1st DCA 1982) (claimant discharged for misconduct after using company facilities, materials, and on-the-clock employees to work on personal projects).
 

 The order now before us is reversed and the cause remanded with directions to reinstate the unemployment benefits.
 

 *
 

 At oral argument, the claimant denied that he spilled any paint on either occasion and maintained that this was the fault of a coworker that he had been instructed to supervise. This testimony was not, however, presented at the hearing below. Accordingly we proceed on the assumption that the employer's description of the events is correct.